# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GABRIEL CASTREJON dba El Marisquero, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00319-ADA-SKO<br><br>**ORDER VACATING HEARING AND GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Doc. 22)<br><br>**ORDER TO SHOW CAUSE RE SUPPLEMENTAL JURISDICTION**<br><br>**14 DAY DEADLINE** |

## I.　INTRODUCTION

Darren Gilbert ("Plaintiff") filed this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA") and state law. (Doc. 1.) Currently before the Court is Plaintiff's motion for leave to file a first amended complaint. (Doc. 22.) No opposition to the motion has been filed. (*See* Docket.) This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. *See* E.D. Cal. Local Rule 230(g). Accordingly, the previously scheduled hearing set on March 8, 2023, will be vacated. For the reasons set forth below, Plaintiff's unopposed motion will be granted. The Court will also order Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim

## II.   PROCEDURAL HISTORY

Plaintiff filed the complaint in this action against Gabriel Castrejon, doing business as El Marisquero ("Castrejon"); Ignacio Castrejon Alvarez ("Alvarez"), doing business as El Marisquero; and Guaranty Holdings of California, Inc. ("Guaranty") (collectively, "Defendants") on March 18, 2022. (Doc. 1.) The complaint asserts a claim for injunctive relief arising out of an alleged violation of the ADA and a claim for damages pursuant to California's Unruh Act. (*Id.*) Defendant Guaranty filed an answer to the complaint on June 1, 2022. (Doc. 7.) Defendants Castrejon and Alvarez filed their answers on September 6, 2022, after entry of default against those defendants was set aside per stipulation. (*See* Docs. 14, 16.)

The Mandatory Scheduling Conference, originally set for June 30, 2022, was continued on two occasions "to allow [the parties] to engage in further settlement discussions." (*See* Docs. 13 & 21.) The Mandatory Scheduling Conference is currently set for March 9, 2023. (Doc. 21.)

On January 26, 2023, Plaintiff filed a motion for leave to file a first amended complaint. (Doc. 22.) No opposition to the motion has been filed. (*See* Docket.)

## III.   MOTION FOR LEAVE TO AMEND

### A.   Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend their pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

In determining whether to grant leave to amend after an answer has been filed, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *accord Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 636 (9th Cir. 2002); *Washington State Republican Party v. Washington State Grange*, 676 F.3d 784, 797 (9th Cir. 2012). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014). "[I]t is the consideration of prejudice to the opposing party that carries the greatest

weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.

**B.    Discussion**

Plaintiff moves to amend the complaint to allege additional barriers to his access to El Marisquero, located at 601 Tully Road in Modesto, California ("the Facility"). (*See* Doc. 22-1 at 1–2; Doc. 22-4 at ¶ 11.)

### 1.    Bad Faith and Undue Delay

Here, there is no evidence that Plaintiff has sought amendment of the complaint in bad faith or with undue delay. There has been no scheduling order entered in this case, as the Mandatory Scheduling Conference has been continued to allow for the parties' continued settlement discussions. Since the motion was filed before the expiration of any deadline to amend, Rule 15(a) governs and leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has stressed that Rule 15 favors amendments, and that this policy is to be applied with extreme liberality. *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001); *Ascon Properties, Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989). The Court has no basis upon which to find Plaintiff unduly delayed seeking amendment, or that he engaged in bad faith in doing so.

### 2.    Futility

The Ninth Circuit has held that "for purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere." *Moeller v. Taco Bell Corp.*, 966 F.Supp.2d 899, 904 (N.D. Cal. 2013) (quoting *Oliver v. Ralphs Grocery Co*., 654 F.3d 909 (9th Cir. 2011)). A complaint provides fair notice to the defendant where each non-compliant architectural feature is alleged in the complaint. *Oliver*, 654 F.3d at 908.

A plaintiff need not have encountered every barrier that bars an access to seek an injunction to remove the barriers. *Pickern v. Holiday Quality Foods Inc*., 293 F.3d 1133, 1138 (9th Cir. 2002). "[W]hen an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him

3

of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability. . . ." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). Accordingly, Plaintiff may amend his complaint to allege all identified barriers that relate to his disability to seek injunctive relief as to those barriers.

### 3.  Prejudice

This is Plaintiff's first request to amend the complaint. The Court finds no prejudice to Defendants by allowing amendment of the complaint, and they have not rebutted the presumption in favor of granting leave to amend (as evidenced by their failure to oppose the motion). *See Eminence Capital*, 316 F.3d at 1052 (Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend.).

## IV.  ORDER TO SHOW CAUSE

Based upon the recent Ninth Circuit opinion in *Vo v. Choi*, the Court will order Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. *See* 28 U.S.C. § 1367(c); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (holding the district court properly declined to exercise supplemental jurisdiction in a joint Unruh Act and ADA case).

In the Unruh Act, a state law cause of action expands the remedies available in a private action. California, in response to the resulting substantial volume of claims asserted under the Unruh Act and the concern that high-frequency litigants may be using the statute to obtain monetary relief for themselves without accompanying adjustments to locations to assure accessibility to others, enacted filing restrictions designed to address that concern. *Arroyo v. Rosas*, 19 F.4th 1202, 1211–12 (9th Cir. 2021). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1).

Moreover, California imposes additional limitations on "high-frequency litigants," defined as:

> A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

Cal. Civ. Proc. Code § 425.55(b)(1). The definition of "high-frequency litigant" also extends to attorneys. *See* Cal. Civ. Proc. Code § 425.55(b)(2). "High-frequency litigants" are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Gov. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A). By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act. *See Arroyo*, 19 F.4th at 1206-07, 1212. The Ninth Circuit has also expressed "concerns about comity and fairness" by permitting plaintiffs to circumvent "California's procedural requirements." *Vo*, 49 F.4th at 1171. Plaintiffs who file these actions in federal court evade these limits and pursue state law damages in a manner inconsistent with the state law's requirements. *See generally, Arroyo*, 19 F.4th at 1211–12; *Vo v*, 49 F.4th at 1171-72.

In an action in which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, however, district courts have discretion to decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c). Such discretion may be exercised "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

Here, a review of Plaintiff Darren Gilbert's prior cases from this District reveals that he has filed ten or more complaints alleging a construction-related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint. Plaintiff also filed a

declaration in another case on January 13, 2023, acknowledging that he would be considered a high-frequency litigant under California law. *See Gilbert v. Bonfare Markets, Inc.*, 1:22-cv-00605-AWI-BAM (Doc. 28-1, p. 2, Gilbert Declaration: "I have filed more than 10 complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the complaint in this action."). *See also id.* (Doc. 28, p. 2, Gilbert response to order to show cause: "Plaintiff acknowledges that he would be considered a high-frequency litigant under California law as he filed more than ten construction-related accessibility claims in the twelve months preceding the filing of the instant action."); *Jacobsen v. Mims*, No. 1:13-CV-00256-SKO-HC, 2013 WL 1284242, at *2 (E.D. Cal. Mar. 28, 2013) ("The Court may take judicial notice of court records.").

## V.  CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. The hearing set for March 8, 2023, is VACATED;
2. Plaintiff's unopposed motion for leave to file a first amended complaint (Doc. 22) is GRANTED;
3. Plaintiff shall file the first amended complaint, which is attached as Exhibit A to the Moore Declaration (Doc. 22-4), within **five (5) days of service of this order**;
4. Defendants shall file a responsive pleading within **fourteen (14) days of the date of service of Plaintiff's amended complaint**; and
5. Plaintiff shall show cause, in writing, **within fourteen (14) days of service of this order**, why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  Plaintiff is warned that a failure to respond may result in a recommendation to dismiss of the entire action without prejudice. Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to . . . comply with . . . a court order"); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  An inadequate response may result in the undersigned

recommending that supplemental jurisdiction over Plaintiff's Unruh Act claim be declined and that the Unruh claim be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

Dated: **February 23, 2023**              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE