# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL CASTREJON dba El Marisquero, et al.,<br><br>Defendants.<br>_____/ | Case No. 1:22-cv-00319-ADA-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S UNRUH CLAIM**<br><br>(Docs. 1, 23, 26)<br><br>**14 DAY DEADLINE** |

## I.    INTRODUCTION

On March 18, 2022, Plaintiff Darren Gilbert ("Plaintiff") filed this case against Defendants Gabriel Castrejon, doing business as El Marisquero ("Castrejon"); Ignacio Castrejon Alvarez ("Alvarez"), doing business as El Marisquero; and Guaranty Holdings of California, Inc. ("Guaranty") (collectively, "Defendants"), asserting claims under the Americans with Disabilities Act ("ADA") and related state statutes.  (Doc. 1.)

Plaintiff moved for leave to file first amended complaint to allege additional barriers to his access to the subject facility on January 26, 2023 (Doc. 22), which was unopposed.  On February 23, 2023, the Court granted leave (Doc. 23) and Plaintiff filed his first amended complaint that next day (Doc. 25).  The first amended complaint, the operative pleading, asserts a claim for injunctive relief arising out of alleged violations of the ADA and California Health and Safety Codes and a claim for damages pursuant to California's Unruh Act.  (Doc. 25.)

In its order granting leave to amend, the Court also ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over his Unruh Act claim in light of the Ninth Circuit's decision in *Vo v. Choi*. (*See id.*); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (affirming a district court's decision to decline supplemental jurisdiction over an Unruh Act claim); *see* 28 U.S.C. § 1367(c). (Doc. 23.) Plaintiff timely filed a response on March 8, 2023. (Doc. 26.) For the reasons given, the undersigned shall discharge the order to show cause, and shall recommend that supplemental jurisdiction over Plaintiff's Unruh Act claim be declined and that claim be dismissed without prejudice.

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1367(a), a court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Ninth Circuit has concluded that ADA and Unruh Act claims that derive from a common nucleus of operative fact "form part of the 'same case or controversy' for purposes of § 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021).

However, even where supplemental jurisdiction over a claim exists under § 1367(a), the Court may decline jurisdiction over the claim under § 1367(c) if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c)(1)-(4).

Pertinent here, a court deciding whether to apply § 1367(c)(4) must make "a two-part inquiry." *Arroyo*, 19 F.4th at 1210. "First, the district court must articulate why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)." *Id.* (citations and internal quotation marks omitted). "Second, in determining whether there are compelling reasons for declining jurisdiction in a given case, the court should consider what best serves the principles of economy,

convenience, fairness, and comity which underlie the pendent jurisdiction doctrine articulated in [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)]." *Id.* (citations and internal quotation marks omitted).

After considering § 1367(c)(4) and California's requirements for bringing Unruh Act claims, "[n]umerous federal district courts across California have declined to exercise supplemental jurisdiction over Unruh Act . . . claims brought alongside ADA claims." *Rutherford v. Nuway Ins. Agency Inc.*, No. SACV 21-00576-CJC-JDE, 2021 WL 4572008, at *1 (C.D. Cal. Apr. 1, 2021). Underlying these decisions is "the recent confluence of several California-law rules [that] have combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity." *Arroyo*, 19 F.4th at 1211.

Congress adopted the ADA to address the discrimination encountered by persons with disabilities, providing a private cause of action to seek injunctive, but not monetary, relief. *See Arroyo v. Rosas*, 19 F.4th 1202, 1205 (9th Cir. 2021) (discussing background and relief available under the ADA). The Unruh Act likewise prohibits disability discrimination, containing a provision, Cal. Civ. Code § 51(f), stating that a violation of the ADA also violates the Unruh Act. However, unlike the ADA, the Unruh Act allows a plaintiff to recover "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." Cal. Civ. Code § 52(a).

In response to perceived abuses of the Unruh Act, California has enacted requirements for bringing such claims, and the Ninth Circuit has assumed, without deciding, that these requirements "apply only in California state court." *Vo*, 49 F.4th at 1170. For example a provision was added (1) regarding the contents of demand letters, Cal. Civ. Code § 55.31; (2) imposing heightened pleading requirements, Cal. Civ. Code § 425.50(a); and (3) requiring an additional filing fee of $1,000 for so called "high-frequency litigants," Cal. Gov't Code § 70616.5(b), *see* Cal. Civ. Code § 425.55(b) (defining a high-frequency litigant to include "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.").

3

All of these requirements[1] apply to claims alleging a construction-related accessibility violation, defined as involving "a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to persons with disabilities," including those related to the ADA. Cal. Civ. Code § 55.52(a)(1), (6); *see* Cal. Civ. Code § 55.3(a)(2). By enacting such restrictions, California has expressed a "desire to limit the financial burdens California's businesses may face from claims for statutory damages under the Unruh Act." *Arroyo*, 19 F.4th at 1209 (internal quotations omitted). However, "Unruh Act plaintiffs have evaded these limits by filing in a federal forum in which [they] can claim these state law damages in a manner inconsistent with the state law's requirements." *Arroyo*, 19 F.4th at 1213 (internal quotation marks omitted). Consequently, "the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded." *Id.*

Recently, the Ninth Circuit provided substantial guidance on this issue in *Vo v. Choi* in affirming a district court's order denying supplemental jurisdiction over an Unruh Act claim under § 1367(c)(4). *Vo*, 49 F.4th at 1168. In that case, the district court declined supplemental jurisdiction over the Unruh Act claim after giving the plaintiff the opportunity to respond and before addressing the merits of the case. *Id.* at 1168-69. In reviewing the district court's decision, the Ninth Circuit held that the district court sufficiently explained why the circumstances of the case were exceptional under § 1367(c)(4), agreeing with the district court that "it would not be 'fair' to defendants and 'an affront to the comity between federal and state courts' to allow plaintiffs to evade California's procedural requirements by bringing their claims in federal court." *Id.* at 1171. The Court also affirmed the district court's finding that the balance of the *Gibbs* values—economy, convenience, fairness, and comity—provided compelling reasons to decline supplemental jurisdiction, stating that "the district court [properly] analyzed Vo's situation under the *Gibbs* values and determined that the values of fairness and comity favored not retaining jurisdiction over the claim." *Id.* at 1172. Accordingly, "[g]iven these very real concerns, in addition to the deferential standard of review, [the Ninth Circuit saw] no reason to hold that the district court abused its discretion in determining there were compelling reasons to decline jurisdiction over the Unruh Act claim." *Id.*

---

[1] Cal. Civ. Code § 55.31(a); Cal. Civ. Code § 425.50(a), Cal. Gov't Code § 70616.5(a).

With these legal standards in mind, the Court addresses whether the relevant considerations of § 1367(c)(4) warrant declining the exercise of supplemental jurisdiction over Plaintiff's Unruh Act claim.

### III.  ANALYSIS

The Court begins with the first part of the two-step inquiry under § 1367(c)(4)—whether the circumstances here are exceptional.  *Vo*, 49 F.4th at 1171.

As discussed above, California has enacted various requirements that apply to claims alleging a construction-related accessibility violation.  If the Court were to exercise jurisdiction over Plaintiff's Unruh Act claim, Plaintiff would be permitted to avoid these requirements.  *See Arroyo*, 19 F.4th at 1213 (noting that potential evasion of California's requirements met exceptional-circumstances prong of § 1367(c)(4)).  Further, such evasion would undermine California's policy interests in enforcing its requirements—providing monetary relief but limiting burdens on small businesses and disincentivizing plaintiffs' attorneys from obtaining "monetary settlements at the expense of forward-looking relief that might benefit the general public."  *Id.*  Plaintiff offers no argument for why such circumstances should not be deemed exceptional, and there is "little doubt that the first prong [under § 1367(c)(4)] is satisfied here."  *Vo*, 49 F.4th at 1171.  *See also Garcia v. Maciel*, No. 21-CV-03743-JCS, 2022 WL 395316, at *2 (N.D. Cal. Feb. 9, 2022) (collecting cases).

Turning to the second part of the inquiry—whether there are other compelling reasons for declining jurisdiction—the Court considers the *Gibbs* values of economy, convenience, fairness, and comity.  *Vo*, 49 F.4th at 1171.  In his response to the order to show cause, Plaintiff contends that the *Gibbs* values require retaining supplemental jurisdiction because (1) Plaintiff "has already incurred substantial litigation expenses which are only recoverable under the ADA"; and (2) the "economy, convenience, fairness and comity" factors "favor retaining supplemental jurisdiction . . . where a site inspection has already taken place."  (Doc. 26 at 4–6.)

As to Plaintiff's first argument, as a threshold matter, while a site inspection may be a necessary component of construction-related accessibility litigation, Plaintiff does not point to any legal obligation that he engage an ***expert*** to perform such inspection.  Thus, expenses to hire Plaintiff's expert were incurred not due to any requirement imposed, but based on Plaintiff and his

5

counsel's belief that they needed to do so, and their hope that they would be able to recover those fees in this action upon its conclusion. (*See* Doc. 26 at 4–5.) Such an award would be discretionary, not mandatory. *See* 42 U.S.C. § 12205.

Moreover, Plaintiff was also able to evade a significant filing fee required of high-frequency litigants in state court by filing in federal court. *See Arroyo*, 19 F.4th at 1207 (citing Cal. Gov't Code § 70616.5). It would "seem incongruous if high-frequency litigants were able to dodge state-court filing fees by filing in federal court and hiring an expert that a federal court does not require to conduct their inspection—thus incurring litigation costs that would allow them supplemental jurisdiction to bring those state-law claims in federal court." *Hernandez v. Syncrasy*, No. 21-CV-09212-CRB, 2023 WL 420774, at *2 (N.D. Cal. Jan. 26, 2023). And in any event, if Plaintiff moves forward with his ADA claim in this action, he may still seek litigation expenses and costs here; he just may not do so while simultaneously seeking Unruh Act damages, which he may seek in state court. *See, e.g., Garibay v. Rodriguez*, No. CV 18-9187 PA (AFMx), 2019 WL 5204294, at *6 (C.D. Cal. 2019) ("[D]eclin[ing] supplemental jurisdiction does not deprive plaintiff of any remedies. Nor does it allow an ADA claim for injunctive relief to go unaddressed.").

As to Plaintiff's second argument, the undersigned is not convinced that this case is in a "late stage" such that the relevant factors "overwhelmingly favor[ ] retaining jurisdiction." (Doc. 26 at 5 (quoting *Arroyo*, 19 F.4th at 1214).) The district court in *Arroyo* did not decide the supplemental jurisdiction question until after it had ruled on the merits of the plaintiff's ADA claim; the Ninth Circuit thus held that the district court had waited until a "very late stage" of the litigation—too late—to decline supplemental jurisdiction. *See Arroyo*, 19 F.4th at 1214; *see also id*. at 1216 ("[I]t is simply too late to undo the now-sunk costs already incurred by litigating this matter to its now-inevitable conclusion."). In *Vo*, the Ninth Circuit, affirming a district court's decision to decline supplemental jurisdiction in a case where the plaintiff had moved for default judgment, distinguished *Arroyo*: "The district court here declined supplemental jurisdiction over Vo's Unruh Act claim well before it ruled on the merits of the ADA claim." *Vo*, 49 F.4th at 1172. Similarly, here, the Court has not ruled on the merits of Plaintiff's ADA claim. The only motion either party has filed is a motion for leave to amend the complaint, which has been granted. This is not a "very

late stage" of the litigation such that *Arroyo* requires that jurisdiction over Plaintiff's state law claims be retained.

In sum, it would neither be fair, nor would comity be served, by allowing Plaintiff's Unruh Act claim to proceed without the state court being able to enforce its policy interests as reflected in California's procedural requirements for those claims. *See Arroyo*, 19 F.4th at 1213 (noting "comity-based concerns that California's policy objectives in this area were being wholly thwarted" by plaintiffs being able to bring Unruh Act claims in federal court). These strong comity concerns outweigh any loss of convenience by requiring Plaintiff to refile his state-law claims in state court. And strong judicial economy interests are not implicated because, as in *Vo*, the Court has not waited until a "very late stage" of the case to decline supplemental jurisdiction. *Vo*, 49 F.4th at 1172 (quoting *Arroyo*, 19 F.4th at 1171).

Considering the two-step inquiry under § 1367(c)(4), the undersigned concludes that this case presents "exceptional circumstances" such that "there are other compelling reasons for declining [supplemental] jurisdiction" over Plaintiff's Unruh Act claim.

## IV. ORDER AND RECOMMENDATIONS

The Court's order to show cause (Doc. 23) is hereby DISCHARGED. For the reasons given above, IT IS RECOMMENDED as follows:

1. Supplemental jurisdiction over Plaintiff's Unruh Act claim be declined; and
2. Plaintiff's Unruh Act claim be dismissed without prejudice to filing the claim in state court.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 22, 2023**            /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE