# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT, | Case No. 1:22-cv-00319-ADA-SKO |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO RESPOND TO INTERROGATORIES AND FOR SANCTIONS** |
| v. | (Doc. 33) |
| GABRIEL CASTREJON, et al., | |
| Defendants. | |
| _____/ | |

## I.   INTRODUCTION

On June 26, 2023, Plaintiff Darren Gilbert ("Plaintiff") filed a Motion to Compel Defendants Gabriel Castrejon, doing business as El Marisquero; Ignacio Castrejon Alvarez, doing business as El Marisquero; and Guaranty Holdings of California, Inc. (collectively, "Defendants") to Respond to Interrogatories and for Sanctions ("the Motion"). (Doc. 33.) Plaintiff brings the Motion under Local Rule 251(e) based on Defendants' complete failure to respond to Plaintiff's First Set of Interrogatories. (*Id.*) Defendants have not filed an opposition to the Motion. (*See* Docket.)

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. *See* E.D. Cal. Local Rule 230(g). Accordingly, the hearing set on July 12, 2023, will be VACATED. For the reasons set forth below, Plaintiff's Motion is GRANTED.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On March 18, 2022, Plaintiff initiated this action against Defendants. (Doc. 1.) With leave from the Court (*see* Doc. 23), Plaintiff filed a first amended complaint on February 24, 2023, asserting a claim for injunctive relief arising out of alleged violations of the Americans with Disabilities Act ("ADA") and California Health and Safety Codes and a claim for damages pursuant to California's Unruh Act (Doc. 25). Plaintiff states he is substantially limited in his ability to walk and he must use a wheelchair, knee scooter, or prosthetic for mobility. (Doc. 25 at ¶ 8.) Plaintiff alleges that, on November 4, 2021, he visited the facility that is the subject of this suit, El Marisquero, and encountered numerous barriers outside of the facility that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered there. (*Id.* at ¶¶ 10–11.)

All three Defendants have filed answers to the first amended complaint. (*See* Docs. 29–31.) On June 6, 2023, the presiding District Judge issued an order adopting the undersigned's recommendation to decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed them without prejudice. (Doc. 32.) Thus, the only claim that remains pursuant to Plaintiff's first amended complaint is the ADA claim. The Initial Scheduling Conference in this case is set for August 17, 2023. (*See* Doc. 28.)

On April 27, 2023, Plaintiff served Defendants with his First Set of Interrogatories. (Doc. 33-2, Declaration of Tanya E. Moore in Support of Plaintiff's Motion to Compel Defendants to Respond to Interrogatories and for Sanctions ("Moore Decl.") at ¶¶ 2–4; *see also* Doc. 33-3.) On May 31, 2023, at the direction of Plaintiff's counsel, Tanya Moore, Esq., Paralegal Whitney Law emailed counsel for Defendants, Michael Warda, Esq., to advise that responses to Plaintiff's discovery requests, including the First Set of Interrogatories, had not been received. (Moore Decl. ¶ 5.) On June 1, 2023, Attorney Moore spoke telephonically with another attorney in Attorney Warda's office. (Moore Decl. ¶ 6.) The parties met and conferred on the topic of Defendants' outstanding discovery responses and agreed that Defendants would serve their responses to all of Plaintiff's written discovery, without objections, by June 9, 2023. (Moore Decl. ¶ 6.) On June 9,

2023, Defendants served responses to Plaintiff's other discovery requests, but they did not serve any responses to Plaintiff's First Set of Interrogatories. (Moore Decl. ¶ 7.)

On June 12, 2023, at Attorney Moore's direction, Paralegal Isaac Medrano emailed Attorney Warda to advise that the interrogatory responses were not received and requested a further meet and confer. (Moore Decl. ¶ 8.) Paralegal Medrano sent follow-up emails to Attorney Warda on June 15, 2023, and June 22, 2023, requesting to schedule a meet and confer. (Moore Decl. ¶ 9.) Attorney Moore does not state whether a response was received. To date, no responses to Plaintiff's First Set of Interrogatories have been received. (Moore Decl. ¶ 10.)

### III.   DISCUSSION

#### A.   Plaintiff's First Set of Interrogatories

Federal Rule of Civil Procedure 33(b)(1)(B)(2) requires that, unless otherwise agreed upon, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Additionally, Rule 33(b)(1)(B)(3) and (5) require that each interrogatory, "to the extent it is not objected to, be answered separately and fully in writing and under oath" and signed by the answering party. Pursuant to Rule 33(b)(1)(B)(4), any untimely objection to the interrogatory is waived, unless the Court excuses the failure for good cause.

Plaintiff's First Set of Interrogatories were served on Defendants on April 27, 2023, and no responses were served within the agreed-upon deadline. (Moore Decl. ¶¶ 2–4, 6–7.) As of June 26, 2023, despite three emails to Defendants' counsel, no responses had been received and the discovery requests remain outstanding. (Moore Decl. ¶¶ 8–10.) As such, the Court GRANTS Plaintiff's Motion to compel Interrogatory responses and orders Defendant to serve written responses to Plaintiff's Interrogatories **within seven (7) days of the date of entry of this order.** All objections to the Interrogatories have been waived.

#### B.   Attorney's Fees and Costs

Pursuant to Rule 37(a)(5)(A), if a motion to compel discovery responses is granted, and if the Court gives the non-responsive party an opportunity to be heard, then the Court "must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including

1 attorney's fees."

2     Plaintiff requests attorney's fees in the amount of $673.00 to be divided equally between the
3 three Defendants, or $224.33 per Defendant. (Doc. 33-1 at 4.) Attorney Moore states she spent
4 0.9 hours on the meet and confer efforts regarding the outstanding discovery responses, including
5 her phone call with the other attorney in Attorney Warda's office, and 0.5 hours on this Motion,
6 totaling 1.4 hours. (Moore Decl. ¶ 11.) Accordingly, Plaintiff seeks attorney's fees at a rate of
7 $300.00 per hour, totaling $420.00. (Doc. 33-1 at 4.) Attorney Moore also states that Paralegal
8 Law spent 1.7 hours preparing this Motion, "including researching the applicable local rules and
9 standing orders, drafting the notice of the motion, memorandum of points and authorities,
10 declaration, and proposed order." (Moore Decl. ¶ 13.) Attorney Moore further states that Paralegal
11 Medrano spent 0.5 hours "on efforts to obtain Defendants' interrogatory responses, including
12 multiple emails to [Attorney] Warda," in an attempt to obtain the responses without the need for a
13 motion. (Moore Decl. ¶ 12; Doc. 33-1 at 4.) Thus, Plaintiff seeks paralegal fees for 2.2 hours at a
14 rate of $115 per hour, totaling $253.00. (Doc. 33-1 at 4.)

15     Local Rule 251(e) provides that a party responding to a motion to compel discovery "shall
16 file a response . . . not later than seven (7) days before the hearing date." Defendants were afforded
17 an opportunity to be heard in opposition to Plaintiff's Motion and failed to file any response
18 whatsoever. (*See also* Rule 37 advisory committee's note, 1993 amendments (an opportunity to
19 be heard includes both written submissions and oral hearings).) Plaintiff's Motion has been
20 granted, and the Court must require Defendants to pay Plaintiff's reasonable attorney's fees. *See*
21 Fed. R. Civ. P. 37(a)(5)(A).

22     The Court finds that the 1.4 hours requested by Plaintiff for attorney's fees and 2.2 hours for
23 paralegal fees are reasonable. *See, e.g.*, *Acosta v. Gill*, No. 1:17–cv–00262–LJO–SKO, 2018 WL
24 1806623, at *3 (E.D. Cal. Apr. 17, 2018) (finding 4.4 hours requested by Plaintiff for attorney's
25 and paralegal fees in preparation of a motion to compel, a prior motion that the Court denied
26 without prejudice, and a related informal discovery dispute conference to be reasonable); *Lyon v.*
27 *Bergstrom Law, Ltd.*, No. 1:16–cv–00401–DAD–SKO, 2016 WL 6522746, *3 (E.D. Cal. Nov. 2,
28 2016) (finding 5 hours spent on a motion to compel responses to interrogatories and requests for

4

production to be reasonable). Accordingly, the Court ORDERS Defendants to pay Plaintiff's reasonable attorney's fees in the amount of $673.00 (1.4 hours at $300.00 per hour for attorney's fees and 2.2 hours at $115 per hour for paralegal fees).

### IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion (Doc. 33) is GRANTED;
2. Defendants are ORDERED to serve written responses to Plaintiff's First Set of Interrogatories **within seven (7) days of the date of entry of this order;** and
3. Defendant is ORDERED to pay Plaintiff's attorney, Tanya E. Moore, Esq., of Moore Law Firm, P.C., reasonable attorney's fees in the amount of $673.00 **within thirty (30) days of the date of entry of this order**.

IT IS SO ORDERED.

Dated:   **July 10, 2023**                               /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE

5