1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DARREN GILBERT,

           Plaintiff,

   v.

GABRIEL CASTREJON, et al.,

           Defendants.

_____/

Case No.  1:22-cv-00319-SKO

**ORDER VACATING HEARING AND GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND LITIGATION EXPENSES**

(Doc. 56)

     On January 8, 2024, Plaintiff Darren Gilbert ("Plaintiff") filed a motion for attorney's fees, costs, and litigation expenses (the "Motion").  (Doc. 56.)  Defendants Gabriel Castrejon, doing business as El Marisquero ("Defendant Castrejon"); Ignacio Castrejon Alvarez, doing business as El Marisquero ("Defendant Alvarez"); and Guaranty Holdings of California, Inc. (collectively, "Defendants") oppose.[1]  (Doc. 57.)  The parties have consented to conduct all proceedings in this action before the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c)(1). (*See* Doc. 45.)

     The Court, having reviewed the record, finds this matter suitable for decision without oral argument.  *See* E.D. Cal. Local Rule 230(g).  Accordingly, the hearing set on February 14, 2024,

---

[1] Defendants' response was filed after the deadline set forth under E.D. Cal. Local Rule 230(c), and is therefore untimely.  The Court, however, shall consider the opposition, in the absence of prejudice to Plaintiff.

will be vacated.

For the reasons given below, the Court will grant in part Plaintiff's motion for attorney's fees, costs, and litigation expenses.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

On March 18, 2022, Plaintiff initiated this action against Defendants.  (Doc. 1.)  Default was entered against Defendants Castrejon and Alvarez (Docs. 9 & 11), which was subsequently set aside by stipulation (Docs. 14 & 16).  The parties stipulated on June 22, 2022, and November 9, 2022, to continue the Scheduling Conference to allow them to engage in settlement discussions. (*See* Docs. 12, 13, 20, & 21.)

Following a site inspection, and with leave from the Court (*see* Doc. 23), Plaintiff filed a first amended complaint on February 24, 2023, asserting a claim for injunctive relief arising out of alleged violations of the Americans with Disabilities Act ("ADA") and California Health and Safety Codes and a claim for damages pursuant to California's Unruh Act.  (Doc. 25.)  Plaintiff states he is substantially limited in his ability to walk and he must use a wheelchair, knee scooter, or prosthetic for mobility.  (Doc. 25 at ¶ 8.)  Plaintiff alleges that, in November 2021, he visited the restaurant that is the subject of this suit, El Marisquero, and encountered numerous barriers outside and inside of the facility that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered there.  (*Id*. at ¶¶ 10–11.)

Following an order to show cause to which Plaintiff responded (*see* Docs. 23 & 26), on March 23, 2023, the undersigned issued findings and recommendations, recommending that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and that the claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1367(c)(4).  (Doc. 27.)  On June 6, 2023, the then-presiding District Judge issued an order adopting the undersigned's recommendation to decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed them without prejudice.  (Doc. 32.)  Thus, the only claim alleged in the first amended complaint that remained was Plaintiff's ADA claim for injunctive relief.

On June 26, 2023, Plaintiff filed a motion to compel Defendants to respond to interrogatories and for sanctions.  (Doc. 33.)  The Court granted the unopposed motion, ordered Defendants to

1    serve written responses to Plaintiff's discovery requests, and awarded Plaintiffs $673.00 in

2    attorney's fees. (Doc. 34.)  Plaintiff sought additional sanctions by motion on July 20, 2023, based

3    on Defendants' alleged failure to comply with the Court's order.  (Doc. 35.)

4         The Court convened a telephonic conference with the parties on August 4, 2023, and

5    Plaintiff's motion for sanctions was held in abeyance to allow the parties to continue settlement

6    discussions. (Doc. 37.)  On August 11, 2023, the parties advised the Court that they had "reached

7    a tentative agreement as to injunctive relief, and are now discussing resolution of Plaintiff's

8    monetary claims." (Doc. 38.)

9         On September 12, 2023, a Scheduling Conference was held and a Scheduling Order was

10   issued. (*See* Docs. 46 & 47.)  The parties advised the Court on October 2, 2023, that they had

11   "tentatively reached a resolution of Plaintiff's claims for injunctive relief and damages, whereby

12   Plaintiff's claims for attorney's fees and costs will be reserved for later motion to the Court if

13   necessary." (Doc. 49.)

14        On October 10, 2023, Plaintiff filed a notice of settlement (Doc. 51), and on November 7,

15   2023, the parties filed a stipulation of dismissal with prejudice (Doc. 54).  The parties requested

16   that the Court retain jurisdiction to adjudicate Plaintiff's motion for attorney fees and costs.  (*Id*.)

17   On November 8, 2023, the Court granted the parties' stipulation and request, and the case was

18   closed. (Doc. 55.)

19        On January 8, 2024, Plaintiff filed the instant motion for attorney fees, costs, and litigation

20   expenses. (Doc. 56).  Defendants filed an opposition on January 26, 2024.  (Doc. 57.)  Plaintiff

21   filed his reply on February 5, 2024.  (Doc. 58.)

## II.    LEGAL STANDARDS

23        Under 42 U.S.C. § 12205, a party that prevails on an ADA claim may recover "a reasonable

24   attorney's fee, including litigation expenses," at the Court's discretion.  "[F]or a litigant to be a

25   'prevailing party' for the purposes of awarding attorneys' fees, he must meet two criteria: he must

26   achieve a material alteration of the legal relationship of the parties, and that alteration must be

27   judicially sanctioned."  *P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1171 (9th Cir. 2007)

28   (internal quotation marks omitted).

The lodestar method guides the determination of a reasonable fee.  *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1176 (9th Cir. 2010).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997).

As to the reasonable hourly rate, it is calculated by reference to the prevailing rate within the community for a similar type of work.  *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018).  "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

As for what may be reasonably billed for, "purely clerical or secretarial tasks should not be billed at a paralegal or [lawyer's] rate, regardless of who performs them."  *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).  Thus, courts have discounted billing entries for "filing, transcript, and document organization time."  *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Jones v. Metropolitan Life Ins. Co.*, 845 F. Supp. 2d 1016, 1027 (N.D. Cal. 2012) (discounting time for "filing or retrieving electronic court documents or copying").  Moreover, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . . . "  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Further, district courts "must strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases and avoiding a windfall to counsel."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).  Accordingly, "[t]he number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client."  *Id.*

"The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high."  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000); *see also Shayler v. 1310 PCH, LLC*, 51 F.4th 1015,

1  1021–22 (9th Cir. 2022) (approving adequately explained use of a downward multiplier to

2  calculate attorney fees in ADA case).

3  ### III.    ANALYSIS

4  Plaintiff's motion seeks to recover fees for one attorney, Tanya E. Moore, and two

5  paralegals, Whitney Law and Isaac Medrano.  (Doc. 56-1 at 6–7.)  Ms. Moore seeks to recover

6  54.8 hours, Ms. Law seeks to recover 39.5 hours, and Mr. Medrano seeks to recover 8.6 hours,

7  with a combined total of 102.9 hours claimed for time spent in this case up until January 8, 2024.

8  (*Id.  See also* Doc. 56-3 at 15–19.)  Plaintiff also seeks to recover an additional 9.2 hours for the

9  total time spent by Ms. Moore (1.0) and Ms. Law (8.2) in drafting and filing the reply brief, and

10  an additional hour if Ms. Moore's attendance is required at the hearing. (Doc. 58 at 6.)  In total,

11  Plaintiff seeks to recover $23,214.50 in fees for the 113.1 hours spent by Ms. Moore's firm in this

12  case.  (*Id*.)  Plaintiff further contends that he is entitled to $3,681.34 in costs and litigation

13  expenses, including $2,362.50 for a Certified Access Specialist ("CASp") to inspect the restaurant

14  and identify all barriers to Plaintiff's access.  (Doc. 56-1 at 7; Doc. 56-2 at 4; Doc. 56-3 at 42).

15  As a threshold matter, it is undisputed that Plaintiff is entitled to recover attorney fees.  A

16  prevailing plaintiff under the ADA "should ordinarily recover an attorney's fees unless special

17  circumstance would render such an award unjust."   *Barrios v. California Interscholastic*

18  *Federation*, 277 F.3d 1128, 1134 (9th Cir. 2002) (quoting *Hensley*, 461 U.S. at 429).   Here,

19  Defendants have agreed not to dispute that Plaintiff is entitled to fees as the prevailing party.  (Doc.

20  56-3 at 6).  Nor do Defendants contend that Plaintiff's proposed hourly rates for his attorney, Ms.

21  Moore, or the two paralegals, Whitney Law and Isaac Medrano, are unreasonable.  (*See* Doc. 57.)

22  Rather, Defendants generally contend the amount of time Ms. Moore's firm seeks to recover is

23  excessive, unreasonable, and unwarranted.  (*See id*.)

24  The Court finds that a reduction in fees is warranted.  This was a relatively straightforward

25  disability access case in which all claims except that under the ADA were dismissed.  The merits

26  of Plaintiff's ADA claim was never at issue, and the parties reached a tentative settlement of that

27  claim in August 2023.  That said, Plaintiff is entitled to a reasonable amount in attorney fees.

28  Plaintiff is also entitled to a reasonable amount in attorney fees for the time spent recovering those

1  fees, including defending against Defendants' untimely opposition.

2      For the reasons discussed below, the Court will award Plaintiff $11,757.25 in attorney fees

3  for the 56.55 hours the Court finds were reasonably expended by Plaintiff's counsel and paralegals

4  in prosecuting Plaintiff's case, including litigating the instant fee motion.  The Court will also

5  award Plaintiff reduced costs in the amount of $2,818.84.

6  **A.    Hourly Rates**

7      Plaintiff proposes $300.00 per hour as a reasonable hourly rate for Ms. Moore and $115.00

8  per hour for each paralegal.  (Doc. 56-1 at 6.)  Having reviewed the declaration of Ms. Moore (see

9  Doc. 56-2 at 2–4), the Court finds that Plaintiff's proposed rates are consistent with the rates of

10  comparable lawyers and paralegals in the Fresno Division, having previously awarded attorney's

11  fees to Plaintiff at these rates (*see* Doc. 34 at 3–5).  *See, e.g., Gilbert v. HBA Enterprises, Inc*., No.

12  1:21-CV-01358-JLT-SAB, 2022 WL 2663761, at *17 (E.D. Cal. July 11, 2022), *report and*

13  *recommendation adopted*, 2022 WL 3327461 (E.D. Cal. Aug. 11, 2022) (concluding that $300

14  attorney rate and $115 paralegal rate for Ms. Moore's law firm was reasonable in ADA case).

15  **B.    Hours Reasonably Expended**

16      Next, the Court proceeds to the second part of the lodestar analysis—the hours claimed to

17  have been reasonably expended in this case.

18      Plaintiff contends the hours billed by Ms. Moore's law firm is reasonable because "[a]

19  substantial amount of work was required due to Defendant's actions (and lack thereof)."  (Doc.

20  56-1 at 2.  *See also* Doc. 58.)  Defendants urge the Court to substantially reduce the total number

21  of hours sought by Plaintiff, asserting that the case was "not difficult or complex" and it "should

22  not have been difficult" for Ms. Moore, who has been practicing law for 20 years, to prepare

23  complaints, notices, motions, and investigations.  (Doc. 57 at 3.)

24      After review of the parties' briefs and relevant billing records, the Court will apply a 50%

25  downward multiplier to the lodestar amount proposed by Plaintiff.  The Court finds that a 50%

26  decrease in the lodestar amount is reasonable due to numerous examples (discussed below) where

27  Plaintiff's counsel billed an excessive amount of time for tasks that should have been performed

28  more efficiently.  Further, some of the litigation efforts were unnecessary or redundant.

### 1.    Investigation and Other Litigation Preparation

Ms. Moore recorded 5.0 hours reviewing research regarding the parties, performing a conflict check, and communications with her client between November 13, 2021, and December 18, 2021. (Doc. 56-3 at 15.)   Ms. Law recorded .7 hours reviewing documents and communications from the client, conducting additional information as to defendants, reviewing notes and photos from investigation, and revising the draft complaint on March 17, 2022.  (*Id.*) The total number of hours spent in pre-litigation planning is more than triple the amount of time recovered by Ms. Moore's firm for identical tasks in other cases.  *See Gilbert v. Mohamad*, No. 1:22-cv-00554-JLT-EPG, at *10 (E.D. Cal. May 2, 2023), *report and recommendation adopted*, 2023 WL 3724796 (E.D. Cal. May 30, 2023) (finding a total of 1.8 hours spent reviewing client communications, researching the identities of defendants, and reviewing notes and photos from the investigation to be reasonable).  The time spent by Ms. Moore's firm during the initial stage of this case warrants a substantial downward reduction.  *See Pierce v. County of Orange*, 905 F.Supp.2d 1017, 1028 (C.D. Cal. 2012) (quoting *Lucas v. White*, 63 F.Supp.2d 1046 (N.D. Cal. 1999)) ("[T]ime ***reasonably*** spent on pre-complaint investigation, legal research and informal discovery relevant to developing the theory of the case is properly recoverable[.]) (emphasis added).

### 2.    Preparation of the Complaint

Ms. Moore recorded 2.0 hours preparing the complaint, including conducting research, communicating with her client and paralegals, reviewing the draft complaint, and finalizing the complaint.  (Doc. 56-3 at 15.)  Given Ms. Moore's experience with filing ADA complaints and because the complaint in this case was very similar to others filed in past cases, *see, e.g., Gilbert v. Dollar Tree Stores, Inc.*, No. 1:21-CV-01640-EPG, 2023 WL 7736500, at *6 n.6 (E.D. Cal. Nov. 14, 2023), a substantial downward reduction is also warranted.  *See Trujillo v. Lakhani*, No. 1:17-CV-00056-LJO-SAB, 2017 WL 1831942, at *7 (E.D. Cal. May 8, 2017) ("The time billed is excessive and duplicative and .5 hours would be a reasonable amount of time for Ms. Moore to spend on preparing, researching, reviewing, and drafting the complaint in this action.").

### 3.   Entries of Default

Ms. Moore recorded 5.2 hours communicating with opposing counsel, reviewing draft entries of default, preparing stipulations to set default aside, and reviewing Defendants' answers. (Doc. 56-3 at 15–17.)  Mr. Medrano and Ms. Law recorded 2.5 hours for preparing requests for entry of default supporting declarations, and stipulations to set aside default.  (*Id*.)  The requests for entry of default and supporting declaration total only two pages, excluding the captions and single-page certificate of service, and are nearly identical to documents Ms. Moore's firm has filed in other cases, except for the party names and ECF document numbers.  The same is true for the stipulations to set aside.  "The preparation and finalization of these short, form-like documents should not take more than thirty minutes (0.5 hour) total."  *Trujillo v. GH Food Mart, In*c., No. 1:20-CV-00368-AWI-SKO, 2020 WL 4697139, at *6 (E.D. Cal. Aug. 13, 2020) (reducing Ms. Moore's and Mr. Medrano's time spent for preparing requests for entry of default and supporting declarations).  Ms. Moore's firm also billed time drafting documents that were never filed in this case, such as second requests for entry of default.  (*See* Doc. 56-3 at 15, 17.)  A substantial reduction of time for these tasks is therefore warranted.

### 4.   Preparation for and Attendance at the Scheduling Conference

Ms. Moore recorded 3.1 hours and her paralegals recorded 5.3 hours for tasks related to the Court's telephonic scheduling conference, including conferring with opposing counsel pursuant to Fed. R. Civ. P. 26(f), preparing stipulations to continue the scheduling conference, preparing joint scheduling reports, preparing for the conference, and attending the conference.  (Doc. 56-3 at 15–18.)  The Court finds the amount of time spent preparing for the scheduling conference to be unreasonable, especially given the number of times Ms. Moore has appeared for scheduling conferences in similar ADA cases.  Ms. Moore has 23 years of litigation experience and over 12 years of ADA experience (*see* Doc. 56-2 at 2), and could have adequately prepared for the scheduling conferences in an hour.  *See, e.g., Block v. Christian*, No. 1:16-CV-00650-LJO-SKO, 2017 WL 5248402, at *6 (E.D. Cal. Nov. 13, 2017), *report and recommendation adopted*, 2017 WL 6350773 (E.D. Cal. Dec. 13, 2017) (reducing hours spent on preparing for a scheduling conference before this Court by experienced litigator with 12 years of ADA experience).

1    Moreover, according to defense counsel, the Rule 26(f) conference "took a maximum of 20

2    minutes" (Doc. 57 at 4), and the joint scheduling reports filed by the parties contains largely

3    boilerplate language that Ms. Moore has used in scheduling reports filed in other cases. (*Compare,*

4    *e.g.,* Doc. 42 *with* Doc. 19, *Gilbert v. Three Golden Investments*, 1:22-cv-00115-JLT-SKO (filed

5    May 3, 2022). The amount of time spent on these tasks should therefore be substantially reduced.

6    **5.    CASp Site Inspection**

7    Ms. Moore billed 6.4 hours of time related to the August 11, 2022, CASp site inspection

8    performed by Plaintiff's consultant, including preparation (.3 hours), correspondence with

9    opposing counsel (.6 hours), travel time (3.5 hours), and attending the inspection (2.0 hours).

10    (Doc. 56-3 at 15–16.) Defendants contend that Ms. Moore's attendance at the inspection was

11    unnecessary. (Doc. 57 at 4.) The Court agrees.

12    At the time of the inspection, the parties were engaged in settlement discussions regarding

13    injunctive relief. (*See* Doc. 12.) Although Ms. Moore responds that such attendance at site

14    inspections is "routine" in ADA cases (Doc. 58 at 3), she does not explain the benefit or

15    substantive merit of her attendance at the inspection in <u>this</u> case. Thus, a substantial decrease in

16    the hours claimed is appropriate.

17    **6.    Settlement Efforts**

18    Ms. Moore billed 10.8 hours of attorney time to "achieve and finalize a settlement." (Doc.

19    56-1 at 4.) 7.1 of these hours, however, were recorded after August 11, 2023, the date on which

20    the parties advised the Court that they had reached a "tentative agreement as to injunctive relief."

21    (Doc. 38.) Ms. Moore has offered no explanation or justification for why over two-thirds of the

22    hours billed to "achieve" a settlement of the only remaining claim in the case were recorded <u>after</u>

23    settlement had been reached.[2] The Settlement Agreement attached to the fee motion is formulaic

24    in nature (*see* Doc. 56-3 at 2–13) and, according to defense counsel, only two hours was spent in

25    negotiations (Doc. 57 at 4). Based on this record, the Court cannot find that the amount of time

26    billed to settlement efforts was reasonable.

27    *///*

28

---

[2] The tentative settlement was reiterated in a notice to the Court filed on October 2, 2023. (*See* Doc. 49.)

9

### 7.        Preparation of the Proposed Amended Complaint

Ms. Law and Mr. Medrano collectively recorded 2.6 hours preparing a draft amended complaint to include new claims for injunctive relief based on the consultant's findings after the site inspection as well as a motion to amend between January 5 and January 26, 2023.  (Doc. 56-3 at 16.)  Ms. Moore also spent 1.6 hours reviewing the motion to amend and communicating with defense counsel regarding first amended complaint.  (*Id.*)  Defendants contend that the amended complaint, into which the inspection report was copied and pasted, "should have taken 15 minutes," considering the number of lawsuits filed by Ms. Moore's firm.  (Doc. 57 at 5.)  While the Court recognizes that some of the time expended was due to Defendants' refusal to stipulate to an amendment (*see* Doc. 58 at 5), for which Plaintiff should recover, a reduction in fees is nonetheless appropriate because the amendment was minor and ultimately uncontested.

### 8.        Supplemental Jurisdiction

Ms. Law recorded 1.2 hours reviewing the Court's order to show cause why the Court should exercise supplemental jurisdiction, preparing a response to the order, and reviewing the Court's order dismissing the state law claims.  (Doc. 56-3 at 16.)  Time spent reviewing the Court's orders, particularly orders that are substantially similar to those issued in others of Ms. Moore's cases, is clerical in nature and is not recoverable.  *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"); *see also Block v. California-Fresno Inv. Co*., Case No. 1:22-cv-00597-ADA-EPG, 2022 WL 17455502, at *11 (E.D. Cal. December 6, 2022) (awarding no fee for Mr. Medrano's aggregate 1.3 hours that consisted of "purely clerical work or secretarial tasks," such as reviewing court orders.)  In addition, time spent preparing the response to the order to show cause is excessive, given that it is nearly identical to those filed by Plaintiff in other cases.  (*Compare, e.g.,* Doc. 26 *with* Doc. 13, *Gilbert v. Ramos Diaz Enters., Inc.*, 1:22-cv-01397-KJM-KJN (filed June 13, 2023).)  These circumstances warrant a reduction in the paralegal time spent on these tasks.

### 9.        Discovery

Ms. Moore recorded 16.9 hours and her paralegals recorded 15.5 hours to "time spent on

discovery other than Plaintiff's site inspection." (Doc. 56-3 at 16–19.) Almost half of those hours, however, were recorded after the August 11, 2023, notice of the "tentative settlement" of the ADA claim. Ms. Moore does not provide an explanation or justification for expending time on discovery, including noticing depositions of defendants, after this date. Accordingly, time spent on discovery in this case should be substantially reduced.

Based on the above-described examples, the Court will apply a 50% downward multiplier to the number of hours claimed by Ms. Moore's firm. *See Gilbert*, 2023 WL 7736500, at *7. Accordingly, the Court's finds the lodestar figures are as follows:

| Timekeeper | Hours | Hourly Rate | Total |
| --- | --- | --- | --- |
| Tanya E. Moore | 28.4 | $300.00 | $8,520.00 |
| Whitney Law | 23.85 | $115.00 | $2,742.75 |
| Isaac Medrano | 4.3 | $115.00 | $494.50 |

Thus, the Court finds the total amount of reasonable attorneys' fees to be $11,757.25.

**C.  Costs**

Under the ADA, a court, in its discretion, can allow a prevailing party to recover reasonable attorneys' fees, including litigation expenses and costs. 42 U.S.C. § 12205. Litigation expenses "include items such as expert witness fees, travel expenses, etc." *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (quoting 28 C.F.R. Pt. 35, App. A., Section-by-Section Analysis, § 35.175).

Plaintiff seeks $3,681.34 in costs. (Doc. 56-1 at 7.) Defendants do not object to any of the costs sought. (*See* Doc. 58 at 2, 7; *see also* Doc. 57.) The Court observes, however, that the amount charged for the CASp site inspection, $2,362.50, appears to be excessive. As an initial matter, the invoice submitted in support of Plaintiff's expert witness fees is not itemized (*see* Doc. 56-3 at 42), and does not permit the Court to determine whether the expenditures are reasonable. *See Hopson v. Singh*, No. 2:16-cv-3014-TLN-EFB, 2019 WL 4298040, at *4-5 (E.D. Cal. Sept. 11, 2019) (denying request for $2,162.50 in expert witness site inspection fees and declarations because invoice did not specify how much time the expert spent completing each inspection); *see also Johnson v. Yates*, No. 2:14-cv-1189-TLN-EFB, 2017 WL 3438737, at *3 (E.D. Cal. Aug. 10,

2017) (finding that "billing $200 for an ambiguous 'investigation' without providing supporting documents" was unreasonable).

Moreover, one court recently accepted the prevailing market rate for such an inspection as $1,000–$1,500.  *See Hernandez v. MRVS Enterprises Inc.*, No. 3:21-CV-06441-JSC, 2023 WL 8720138, at *8 (N.D. Cal. Dec. 18, 2023) (reducing $2,800 CASp inspection cost request to $1,500).  Ms. Moore has previously sought costs of $1,295 for a CASp inspection.  *See Acosta v. Perez*, No. 19-CV-01224 AWI EPG, 2021 WL 3910543, at *14 (E.D. Cal. Sept. 1, 2021), *report and recommendation adopted*, 2021 WL 4461536 (E.D. Cal. Sept. 29, 2021).  The Court will therefore award $1,500 as reasonable amount for the CASp site inspection.  *See Hernandez*, 2023 WL 8720138, at *8.

Accordingly, the Court awards $2,818.84 in costs and litigation expenses.

## IV.    CONCLUSION AND ORDER

The hearing set for February 14, 2024, is VACATED.

Based on the foregoing, IT IS ORDERED that Plaintiff's motion for attorney's fees, costs, and litigation expenses (Doc. 56) is GRANTED IN PART as follows:

Plaintiff is awarded $11,757.25 in attorney's fees and $2,818.84 in costs and litigation expenses.

IT IS SO ORDERED.

Dated:   **February 6, 2024**                    */s/ Sheila K. Oberto*
                                  UNITED STATES MAGISTRATE JUDGE